IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MICHAEL A. EVANS,
       Plaintiff,

vs.                             Case No.: 3:09cv297/MCR/EMT

LISA ECHEVERRI, Executive Director,
State of Florida Department of Revenue,
       Defendant.
_____/


## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Michael Evans, proceeding pro se and in forma pauperis, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 5). Evans names Lisa Echeverri, the Executive Director of the State of Florida Department of Revenue (Florida DOR) as the sole Defendant in this action (*id.* at 1, 5).[1]

Evans alleges the following fact in support of his claims.[2] On June 13, 2008, the Florida DOR served him with a Notice of Proceeding to Establish Administrative Support Order, notifying him that the DOR initiated a proceeding to require him to pay child support (*id.* at 5). Evans attached a copy of the Notice to his original complaint as Exhibit 1 (Doc. 1, Ex. 1). Eight months later, on February 18, 2009, Evans filed a civil complaint in the Circuit Court for Okaloosa County, Florida, Case No. 2009 DR 001320, seeking to determine his child support obligation, if any, and seeking to enjoin the pending administrative proceeding initiated by the Florida DOR (Doc. 5 at 5). On March 6, 2009, the state court entered an order referring the matter to mediation (*id.*). On April

---

[1]The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[2]The facts are taken from the Statement of Facts section of the amended complaint (Doc. 5 at 5–6).

1, 2009, the Florida DOR entered a Final Administrative Support Order and Income Deduction Order, both of which Evans attached to his original complaint (Doc. 1, Ex. 2). On April 12, 2009, the Florida DOR sent an "interceptor letter" to the custodial parent, Lynisha T. Campbell, notifying her that the support order and income deduction order had been entered on her behalf (Doc. 5 at 5). Evans states Ms. Campbell did not request that the Florida DOR pursue child support on her behalf (*id.*). On April 15, 2009, Evans filed a "Motion to Vacate and/or Motion for Relief From Judgment or Order" in the state civil case (*see* Doc. 1, Ex. 3); however, to date the motion has not been heard or ruled upon (Doc. 5 at 6). On April 21, 2009, the Florida DOR entered an order authorizing the Internal Revenue Service to offset Evans' federal tax refund with an alleged past due child support obligation (*id.*). On May 20, 2009, Evans attempted to remove the state court proceeding to this court in Case No. 3:09cv215/RV/EMT (*id.*); however, the federal case was remanded to state court on July 13, 2009. Evans v. State of Florida, No. 3:09cv215/RV/EMT, Docs. 14, 15 (N.D. Fla. July 13, 2009). Plaintiff filed the instant case the same day (Doc. 1 at 1). Evans states the Florida DOR continues to send him notices of its intent to pursue administrative or judicial, or both, enforcement proceedings (Doc. 5 at 6).

Plaintiff claims that Director Echeverri violated his rights to substantive due process and equal protection by failing to properly supervise her subordinates (*id.*). Evans asserts that Director Echeverri's subordinates in Okaloosa County violated 42 U.S.C. § 601 *et seq.* by initiating and pursuing child support proceedings against him without authority to do so, since Ms. Campbell, the custodial parent, had not received temporary cash assistance or foster care payments, nor had she requested that the Florida DOR initiate child support proceedings on her behalf. Plaintiff asserts these are the only circumstances under which Section 601 authorizes the State to initiate and pursue child support proceedings (*id.* at 6–7). Evans additionally contends the Florida DOR's taking of his money without statutory authority to do so violates his substantive due process rights (*id.* at 7). He further contends the Florida DOR is treating him differently than similarly situated non-custodial parents, in violation of his equal protection rights (*id.* at 7).

As relief, Evans seeks compensatory and punitive damages (*id.*). Additionally, in a motion for injunctive relief filed after the amended complaint, Evans seeks an order enjoining the state court

proceedings and any administrative proceeding, including proceedings to enforce any administrative orders that have been issued (*see* Doc. 9).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff's request for an injunction enjoining the state court proceedings and any administrative proceedings to enforce the administrative orders that have been issued, must be dismissed on Younger abstention grounds.  In Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Court "reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" O'Shea v. Littleton, 414 U.S. 488, 499, 94 S. Ct. 669, 677–78, 38 L. Ed. 2d 674 (1974) (quoting Younger, 401 U.S. at 43–44).  The Younger abstention doctrine derives from "the vital consideration of comity between the state and national

governments," Luckey v. Miller, 976 F.2d 673, 676 (11th Cir. 1992) ("Luckey V"), which Younger itself described as a "sensitivity to the legitimate interests of both State and National Governments." Younger, 401 U.S. at 44.  In determining whether abstention under Younger is warranted, a court must consider three factors:  (1) whether there is an ongoing state judicial proceeding, (2) whether the proceeding implicates important state interests, and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding.  *See* Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).

Since Younger, the Supreme Court and the Eleventh Circuit have applied and expanded upon that abstention doctrine.  In O'Shea v. Littleton, the Supreme Court, in an alternative holding, held that the district court had properly declined to provide equitable relief to plaintiffs who sought an injunction against various state officials, including state judges.  414 U.S. at 499.  The plaintiffs had alleged that the state judges had unconstitutionally:  (1) set bond in criminal cases without regard to the facts of a case; (2) set sentences higher and imposed harsher conditions on black persons than white persons; and (3) required black persons, when charged with violations of city ordinances that carry fines and possible jail sentences if the fines cannot be paid, to pay for a trial by jury.  *Id.* at 492.  The plaintiffs requested that the federal district court enjoin those practices, and the district court declined to do so.

In holding that the district court had properly declined to enjoin those practices, the Supreme Court stated that "'the principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding.'"  *Id.* at 499 (quoting Mitchum v. Foster, 407 U.S. 225, 243, 92 S. Ct. 2151, 2162, 32 L. Ed. 2d 705 (1972)); *see also* Growe v. Emison, 507 U.S. 25, 32, 113 S. Ct. 1075, 1080, 122 L. Ed. 2d 388 (1993) (stating that "principles of federalism and comity" must underlie the discretion of courts of equity).  The Supreme Court emphasized that:

> An injunction of the type contemplated by respondents . . . would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim ab initio, just as would the request for injunctive relief from an ongoing state prosecution against the federal plaintiff which was found to be unwarranted in Younger.

O'Shea, 414 U.S. at 501.  The Court held that "the 'periodic reporting' system [that] . . . might be warranted would constitute a form of monitoring of the operation of state court functions that is antipathetic to established principles of comity."  *Id.* at 501 (footnote omitted).

Relying on both <u>Younger</u> and <u>O'Shea</u>, the Eleventh Circuit held in <u>Pompey v. Broward</u> <u>County</u>, that abstention was proper in a § 1983 action challenging the constitutionality of contempt hearings in child support enforcement proceedings on Sixth and Fourteenth Amendment grounds. 95 F.3d 1543, 1545 (11th Cir. 1996).  The plaintiffs were five fathers who already had been, and who alleged that they were also likely in the future to be, ordered incarcerated by the Broward County Circuit Court for failure to pay child support.  *Id.* at 1544.  They brought a § 1983 suit against the Broward County Support Enforcement Division, Broward County, its administrator, the director of the Support Division, and the family division judges of the Broward County Circuit Court.  *Id.*  The plaintiffs claimed that the defendants' practices during "Daddy Roundups" were unconstitutional because:  (1) the court failed to inform them of their right to court-appointed counsel, and to appoint such counsel for indigent fathers, and (2) the court failed to provide them with due process at their civil contempt hearings by relying on faulty and insufficient evidence with regard to the amount in arrears, spending insufficient amounts of time on each case, and failing to keep records of each hearing.  *Id.* at 1544–55.  The plaintiffs sought various forms of injunctive relief and damages.  *Id.*  After noting several problems that would arise "if the federal district court were to arrogate to itself the role of overseer of Broward County's child support enforcement proceedings," *id.* at 1549–50 (internal quotation omitted), the Eleventh Circuit affirmed the denial of the plaintiffs' claims for equitable relief against the defendant judges on abstention grounds, and held that the plaintiffs' claims for equitable relief against the Support Division were also due to be dismissed on <u>Younger</u> abstention grounds.  *Id.* at 1551–52 and n.14.

In the instant case, Plaintiff states he initiated a state court proceeding against the Florida DOR to determine the issue of his liability for child support, and in that proceeding he filed a motion to vacate the administrative support orders (*see* Doc. 1, Ex. 3).  Plaintiff additionally states that he has not received a ruling in that case.[3]  It is difficult to imagine how the injunction Plaintiff seeks in the instant case would <u>not</u> interfere with the state court proceeding.  An order by this court

---

[3]According to the electronic docketing system of the Okaloosa County Clerk of Courts, Plaintiff initiated Case No. 2009 DR 001320 S on March 6, 2009, by filing a "Petition to Determine Noncustodial Parent's Child Support Obligations and Other Relief," and that case is still pending, as is Plaintiff's "Motion to Vacate and /or Motion for Relief from Judgment or Order" filed in that case (*see* attached). http://www/clerkofcourts.cc/court/PUBSEARCH.asp?CASE_NUM=2009+DR+001320+S.

enjoining the state court proceeding would clearly bring the state court proceeding to a halt. Therefore, the first <u>Middlesex</u> factor is satisfied.

The second <u>Middlesex</u> factor is met, as the State of Florida has an important interest in child support proceedings. *See* <u>Kulko v. Superior Court of California in and for City and County of San Francisco</u>, 436 U.S. 84, 100, 98 S. Ct. 1690 (1978) (the State has substantial interests in protecting resident children and facilitating child support actions on behalf of those children); *see also* <u>Clark v. Jeter</u>, 486 U.S. 456, 462, 109 S. Ct. 1910, 100 L. Ed. 2d 465 (1988) (noting the state's interest in "ensuring that genuine claims for child support are satisfied"); <u>Adams v. State of Fla.</u>, 185 Fed. Appx. 816, 817 (11th Cir. 2006) (unpublished) (ability to collect child support payments is an important state interest).[4]

As for the third and final factor, whether Plaintiff has an avenue to raise his constitutional claims in the state proceeding, Plaintiff has the burden of establishing that the state proceedings do not provide an adequate remedy for his constitutional claims. *See* <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1279 (11th Cir. 2003). "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." <u>Middlesex</u>, 457 U.S. at 431. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L.Ed.2d 1 (1987). Plaintiff must overcome this initial presumption by demonstrating that the state remedies are inadequate. <u>31 Foster Children</u>, 329 F.3d at 1279. In this case, there is no allegation by Plaintiff that the state court proceeding does not provide him with an opportunity to raise his claims. Thus, the final <u>Middlesex</u> factor is satisfied. *See id.* at 1281 ("There are no procedural constraints preventing [the plaintiffs] from presenting the [constitutional] claims in this case to the state courts in their dependency review hearings. They have not provided unambiguous authority establishing that the procedures available in state court dependency proceedings do not provide an adequate opportunity for them to raise their constitutional claims.").

Therefore, the undersigned concludes that Plaintiff's claims for equitable relief against the Florida DOR should be dismissed under the <u>Younger</u> doctrine. *See* <u>Adams</u>, 185 Fed. Appx. at 817

---

[4]The undersigned cites <u>Adams v. State of Fla.</u> only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

(11th Cir. 2006) (unpublished) (affirming dismissal of a 42 U.S.C. § 1983 complaint seeking to enjoin a civil contempt finding in child support enforcement case under <u>Younger</u> doctrine because Adams's state child support enforcement case fell within three prongs of <u>Younger</u> standard: conduct he seeks to enjoin—a civil contempt finding accompanied by a threat of jail—indicates that the proceeding is pending; the ability to collect child support payments is an important state interest; and Adams had the opportunity to raise his constitutional issues in the state court proceedings and to appeal them to a Florida District Court of Appeal).

Additionally, Plaintiff's claims for monetary relief against Director Echeverri in her official capacity as Executive Director of the Florida DOR, are barred by the Eleventh Amendment. The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. <u>Edelman v. Jordan</u>, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit for damages in federal court against Director Echeverri in her capacity as head of the Florida DOR. <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

To the extent Plaintiff seeks monetary relief against Director Echeverri in her individual capacity, he has failed to state a claim of deprivation of his constitutional right to due process or equal protection. Plaintiff states Director Echeverri violated his rights to due process and equal protection by failing to properly supervise her subordinates.

"[S]upervisors can be held liable for subordinates' constitutional violations on the basis of supervisory liability under 42 U.S.C. § 1983." <u>Mathews v. Crosby</u>, 480 F.3d 1265, 1270 (11th Cir. 2007, *cert. denied*, — U.S. —, 128 S. Ct. 865, 169 L. Ed. 2d 723 (2008). Specifically, "[s]upervisory liability under 42 U.S.C. § 1983 occurs when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id.* (internal quotations omitted); *see also* <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990). A plaintiff can establish a causal connection by alleging that:

1) a history of widespread abuse put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so; 2) a

supervisor's custom or policy result[ed] in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

Mathews, 480 F.3d at 1270 (internal quotations omitted); *see also* Brown, 906 F.2d at 671 (noting that "[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671.

In the instant case, Evans does not allege that Director Echeverri personally participated in the initiation or pursuit of child support proceedings against him; thus, the issue before the court is whether the complaint sufficiently alleges a causal connection between Echeverri's actions or inaction and the alleged federal violations. The amended complaint includes no such allegations. Evans alleges no facts suggesting that there were previous incidents of Echeverri's subordinates initiating child support proceedings against non-custodial parents without statutory authority to do so. Evans does not allege that Echeverri had a custom or policy of initiating child support proceedings in cases where her agency did not have legal authority to do so. Nor does Evans allege facts supporting an inference that Echeverri directed her subordinates to initiate unauthorized proceedings or knew that subordinates would act unlawfully and failed to stop them from doing so. Therefore, the complaint fails to allege a basis for supervisory liability under 42 U.S.C. § 1983.

Likewise, Evans has failed to state a violation of the Equal Protection Clause. The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege that Defendant acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E&T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). "Mere error

or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause." E & T Realty, 830 F.2d at 1114. "'Discriminatory purpose' implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of' its adverse effects upon an identifiable group." Id. (quoting Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979) (omission in original)). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient." GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998) (finding that allegations that defendants' actions were "arbitrary and capricious in that [they] acted with an improper motive, without reason, or upon a reason that was merely pretextual" were insufficient to state a claim); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, the amended complaint includes only a conclusory allegation that the Florida DOR is treating Plaintiff differently than similarly situated non-custodial parents. Evans does not allege facts suggesting that he and other non-custodial parents are alike in all relevant aspects, nor does he allege facts showing how he was treated differently than other non-custodial parents. Additionally, Plaintiff does not allege, nor do the facts suggest, that any different treatment he received was intentional. Therefore, the amended complaint fails to state an equal protection claim.

Finally, it appears that Evans may be asserting a state tort claim for intentional infliction of emotional distress (see Doc. 5 at 7). It is well established that once Plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state claims against Defendant. See Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. See also United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v.

Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994); Executive Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett County, 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). Taking these factors into account in this case, the court concludes that Plaintiff's state law claims should be dismissed to permit him to pursue his state law claims in a more appropriate forum. While it would be convenient for the Plaintiff to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Plaintiff's state claims and delaying justice in other cases. Furthermore the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's claims for equitable relief against Defendant be **DISMISSED** with prejudice on Younger abstention grounds.

2.      That Plaintiff's claims for monetary relief against Defendant in her official capacity as Executive Director of the Florida Department of Revenue be **DISMISSED** on the basis of Eleventh Amendment immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

3.      That Plaintiff's claims for monetary relief against Defendant in her individual capacity be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4.      That Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to assert them in state court.

5.      That all pending motions be **DENIED** as moot.

6.      That this action be **DISMISSED** and the clerk be directed to close the file.

**DONE AND ORDERED** this 28th day of October 2009.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


Case No.: 3:09cv297/MCR/EMT

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case No.: 3:09cv297/MCR/EMT