**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


MICHAEL A. EVANS,
     Plaintiff,

vs.                        Case No.: 3:09cv297/MCR/EMT

LISA ECHEVERRI, Executive Director,
State of Florida Department of Revenue,
     Defendant.
_____/

## O R D E R

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated October 28, 2009 (Doc. 10). Plaintiff has been furnished a copy of the Report and Recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a <u>de novo</u> determination of Plaintiff's objections (Doc. 13). Additionally, I have considered Plaintiff's allegations in his second amended complaint filed the same day as his objections (Doc. 14).

The allegations and claims in Plaintiff's second amended complaint are essentially the same as those asserted in his amended complaint, which was the subject of the magistrate judge's Report and Recommendation. Plaintiff brings this action under 42 U.S.C. § 1983 against Defendant Lisa Echeverri, Executive Director of the Florida Department of Revenue (FDOR), in her official and individual capacities, claiming a violation of his constitutional rights to due process and equal protection based upon the FDOR's initiating administrative proceedings to establish and enforce Plaintiff's liability for payment of child support. Plaintiff also appears to assert state tort claims. Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331 and 1334. Upon consideration of Plaintiff's claims, the magistrate judge recommended the following: (1) that Plaintiff's claims for equitable

relief against Director Echeverri be dismissed with prejudice on *Younger*[1] abstention grounds, (2) that Plaintiff's claims for monetary relief against Director Echeverri in her official capacity be dismissed on the basis of Eleventh Amendment immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), (3) that Plaintiff's claims for monetary relief against Director Echeverri in her individual capacity be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (4) that Plaintiff's state law claims be dismissed without prejudice to his right to assert them in state court.

The allegations in Plaintiff's second amended complaint affect only the magistrate's analysis and recommendation concerning Plaintiff's claims for injunctive relief. In the second amended complaint, Plaintiff asserts that after the report and recommendation was issued, he filed a notice of voluntary dismissal in state court Case No. 2009 DR 1320, the case filed by Plaintiff in the Circuit Court in and for Okaloosa County, Florida, seeking judicial determination of his child support obligation and an injunction enjoining administrative proceedings against him by the Florida Department of Revenue. In light of Plaintiff's assertion that state court proceedings are no longer pending, I reject the magistrate judge's recommendation that Plaintiff's request for injunctive relief be dismissed on *Younger* abstention grounds.

However, upon review of the allegations in the second amended complaint, I conclude that Plaintiff has failed to state a claim on which relief may be granted; therefore, Plaintiff's claims for injunctive relief are still subject to dismissal. In his second amended complaint, Plaintiff alleges Director Echeverri failed to properly supervise her subordinates in Okaloosa County, who initiated and pursued administrative proceedings against Plaintiff to obtain and enforce an administrative order directing him to pay child support (see Doc. 14, ¶ 27). Plaintiff contends Director Echeverri's subordinates in Okaloosa County had no legal authority under 42 U.S.C. § 651 or state law to initiate child support proceedings against him because the custodial parent of the subject child did not receive temporary cash assistance or foster care payments, and she did not request that the Florida

---

[1] Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)

Department of Revenue proceed in her behalf (id. at ¶¶ 28–35, 45–48). Therefore, by initiating and pursuing proceedings to establish and enforce liability for child support, the FDOR employees in Okaloosa County violated his due process rights (id.). Plaintiff additionally contends the FDOR employees in Okaloosa County are treating him differently than other non-custodial parents, in violation of the Equal Protection Clause, because they are "selectively, arbitrarily, and intentionally" pursuing child support enforcement proceedings even though the custodial parent of the subject child has not received cash assistance or foster care payments, or requested that the FDOR proceed on her behalf (id. at ¶¶ 36–38).

As the magistrate judge correctly concluded, Plaintiff has failed to state a due process claim against Director Echeverri in her individual capacity. "[S]upervisors can be held liable for subordinates' constitutional violations on the basis of supervisory liability under 42 U.S.C. § 1983." *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007, *cert. denied*, — U.S. —, 128 S. Ct. 865, 169 L. Ed. 2d 723 (2008). Specifically, "[s]upervisory liability under 42 U.S.C. § 1983 occurs when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id.* (internal quotations omitted); *see also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A plaintiff can establish a causal connection by alleging that:

> 1) a history of widespread abuse put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so; 2) a supervisor's custom or policy result[ed] in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Mathews*, 480 F.3d at 1270 (internal quotations omitted); *see also Brown*, 906 F.2d at 671 (noting that "[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 671.

In the instant case, Plaintiff does not allege that Director Echeverri personally participated in the initiation or  pursuit of child support proceedings against him; thus, the issue before the court is whether the complaint sufficiently alleges a causal connection between Echeverri's actions or inaction and the alleged federal violations.  The second amended complaint includes no such allegations.  Evans alleges no facts suggesting that there were previous incidents of Echeverri's subordinates initiating child support proceedings against non-custodial parents without statutory authority to do so.  Evans does not allege that Echeverri had a custom or policy of initiating child support proceedings in cases where her agency did not have legal authority to do so.  Nor does Evans allege facts supporting an inference that Echeverri directed her subordinates to initiate unauthorized proceedings or knew that subordinates would act unlawfully and failed to stop them from doing so.  Therefore, the complaint fails to state a due process claim against Director Echeverri in her individual capacity.

Likewise, for the reasons stated by the magistrate judge, Plaintiff has failed to state an equal protection claim against Director Echeverri in her individual capacity.  The Equal Protection Clause requires that the government treat similarly situated people in a similar manner.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985).  In order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him.  *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); *Hendking v. Smith*, 781 F.2d 850 (11th Cir. 1986).  Plaintiff must also allege that Defendant acted with the intent to discriminate against him.  *See McClesky v. Kemp*, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); *E&T Realty v. Strickland*, 830 F.2d 1107, 1113 (11th Cir. 1987).  "Mere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause."  *E & T Realty*, 830 F.2d at 1114.  "'Discriminatory purpose' implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of' its adverse effects upon an identifiable group."  *Id.* (quoting *Personnel Adm'r*

*of Mass. v. Feeney*, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979) (omission in original)). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient." *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367–68 (11th Cir. 1998) (finding that allegations that defendants' actions were "arbitrary and capricious in that [they] acted with an improper motive, without reason, or upon a reason that was merely pretextual" were insufficient to state a claim); *Coon v. Ga. Pac. Corp.*, 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, the second amended complaint includes only a conclusory allegation that the FDOR is treating Plaintiff differently than similarly situated non-custodial parents. Plaintiff does not allege facts suggesting that he and other non-custodial parents are alike in all relevant aspects, nor does he allege facts showing how he was treated differently than other non-custodial parents. Additionally, the facts alleged by Plaintiff does not support an inference that any different treatment he received was intentional. Therefore, the second amended complaint fails to state an equal protection claim.

The second amended complaint also fails to state a basis for liability against Director Echeverri in her official capacity. The magistrate judge correctly determined that Plaintiff's claims for monetary relief against Director Echeverri in her official capacity are barred by the Eleventh Amendment. Plaintiff's claims for prospective injunctive relief shall be dismissed because Plaintiff's factual allegations fail to state a violation of his due process or equal protection rights. Plaintiff does not allege facts showing that Director Echeverri established or followed a practice, pattern, or custom of initiating child support proceedings against non-custodial parents without statutory authority to do so, or that she followed a practice, pattern, or custom of intentionally treating similarly situated non-custodial parents differently. Thus, Plaintiff's claim for prospective injunctive relief is properly dismissed. *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (plaintiff failed to substantiate underlying alleged constitutional violation by state official with factual evidence, therefore, claim for prospective injunctive relief against state official failed).

To the extent Plaintiff attempts to seek redress under § 1983 against Director

Echeverri for the FDOR's alleged violation of 42 U.S.C. § 651, he is not entitled to relief. Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.   The Supreme Court has held that this provision safeguards certain rights conferred by federal statutes. *See Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980).  In order to seek redress through § 1983, however, a plaintiff must assert "the violation of a federal *right*, not merely a violation of federal *law*."  *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 1359, 137 L. Ed. 2d 569 (1997) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106, 110 S. Ct. 444, 448–49, 107 L. Ed. 2d 420 (1989)).  In the instant case, Plaintiff has failed to allege facts showing that he has an individually enforceable federal right any provision of Title IV-D.  If Plaintiff was a custodial parent, he may have such a right, *see Blessing, supra*; however, he admits he is the non-custodial parent.

Finally, Plaintiff's claims under 28 U.S.C. §§ 2281, 2283, and 2284 should be dismissed as frivolous.  Section 2281 was repealed in 1976.  Section 2283 provides that the district court may not grant an injunction to stay state court proceedings except when necessary in aid of its jurisdiction or to protect or effectuate its judgment; however, neither of these circumstances is present in the instant case.  Section 2284 requires that a district court of three judges be convened "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  28 U.S.C. § 2284(a).  The instant case does not challenge the constitutionality of the appointment of congressional districts or the appoint of any statewide legislative body; therefore that statute is inapplicable to this case.

Having considered the Report and Recommendation and Plaintiff's objections thereto, as well as Plaintiff's allegations in his second amended complaint filed after the Report and Recommendation issued, I have determined that the Report and Recommendation should be rejected only to the extent it recommends dismissal of Plaintiff's claims for injunctive relief on *Younger* abstention grounds.  In all other respects,

the Report and Recommendation should be adopted.  Additionally, Plaintiff's claims for injunctive relief against Director Echeverri in her official and individual capacities should be dismissed for failure to state a claim on which relief may be granted.  Finally, Plaintiff's claims under 28 U.S.C. §§ 2281, 2283, and 2284 should be dismissed as frivolous

Accordingly, it is now **ORDERED** as follows:

1.      The magistrate judge's Report and Recommendation is rejected only to the extent it recommends dismissal of Plaintiff's claims for equitable relief against Director Echeverri on <u>Younger</u> abstention grounds.  The Report and Recommendation is adopted in all other respects.

2.      Plaintiff's claims for monetary relief against Director Echeverri in her official capacity as Executive Director of the Florida Department of Revenue are **DISMISSED** on the basis of Eleventh Amendment immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

3.      Plaintiff's claims for equitable relief against Director Echeverri in her official capacity and Plaintiff's claims for monetary and equitable relief against Director Echeverri in her individual capacity are **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4.      Plaintiff's claims under 28 U.S.C. §§ 2281, 2283, and 2284 are **DISMISSED** as frivolous.

5.      Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to assert them in state court.

6.      All pending motions are **DENIED** as moot.

7.      This action is **DISMISSED** and the clerk is directed to close the file.

**DONE AND ORDERED** this 8th day of January, 2010.


_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**


Case No: 3:09cv297/MCR/EMT